UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Fullerton Kimball Medical & Surgical Center <br><br> PLAINTIFF <br><br> v. <br><br> Infinity Medical Equipment Services <br><br> DEFENDANT | CIVIL ACTION NO. 25-cv-2260 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Fullerton Kimball Medical & Surgical Center ("Plaintiff"), by and through its attorneys, brings this action against Infinity Medical Equipment Services ("Defendant") and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is an Illinois corporation doing business in the State of Illinois.

2. Upon information and belief, Defendant is a New York corporation with its principal place of business in the State of New York and conducts business in the State of Illinois.

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL BACKGROUND

5. On or about June 21, 2021, Defendant entered a contract with Plaintiff by which it agreed to sell a medical imaging device, specifically, an OEC 9900 Elite Supe C ("C-Arm Machine").

6. Defendant marketed the condition of the C-Arm Machine as "Excellent."

7. On or about November 1, 2021, the machine was delivered to Plaintiff in a materially defective condition, including but not limited to:

   a. Failure to shoot X-rays;

   b. Inoperable motorized components;

   c. Locked monitor arm;

   d. Extensive external damage, including a damaged monitor bezel;

   e. Missing buttons on the remote user interface;

   f. Missing uninterruptible power supply unit;

   g. Non-functional DVD;

   h. Severe corrosion of internal and external; and

   i. The C-Arm Machine was otherwise not in a viable condition consistent with the description in the contract

8. Plaintiff immediately rejected the non-conforming goods and demanded a full refund from Defendant.

9. Defendant acknowledged the defective nature of the product and communicated with its supplier, 20MED EQUIPMENT SOLUTIONS PRIVATE LIMITED ("20 Med"), seeking resolution.

10. No refund has been provided, and Defendant has refused to retrieve the defective machine despite multiple notices and rejections by Plaintiff.

11. On November 1, 2021, Defendant, through its agents, made a demand on its vendor, 20 Med, and advised of the defective nature of delivery. Specifically stating:

> We sent you pictures the very same day that the unit arrived, and now you are telling me that you did not notify the Insurance company? t's time we talk with your boss and get to the bottom of this, while it's still fresh.
>
> The testimonials are there because it is not possible to illustrate wet C-Arm with pictures. You now claim there was no physical damage when you see that in pictures that there is physical damage.

12. Upon information and belief, 20 Med denied that any physical damage occurred during shipment to Plaintiff.

13. Consequently, no insurance claim was made by 20Med or Defendant.

14. The C-Arm Machine has been unusable since November 1, 2021, when it was delivered to Plaintiff and immediately rejected as non-conforming goods.

15. However, on or about January 2025, Defendant began to issue invoices to Plaintiff for the C-Arm Machine, despite the C-Arm being rejected, and Seller refusing to refund.

16. Plaintiff exercised its right for Rejection of the C-Arm Machine within a reasonable time after their delivery in fact the rejection occurred on the day of delivery.

17. Plaintiff seasonably and repeatedly notified Defendant, which claimed the defective condition was the fault of 20Med.

18. Plaintiff has not exercised ownership of the C-Arm Machine as such device is unusable.

19. However, the C-Arm Machine was delivered to Plaintiff in non-conforming status before rejection and Plaintiff has been in physical possession of the C-Arm Machine.

20. Since rejection, Plaintiff has held the machine with reasonable for a time sufficient to permit Defendant to remove it.

21. Nevertheless, Defendant has refused to remove the defective machine and refused to refund the sales price in breach of the contract

## COUNT I
## BREACH OF CONTRACT

22. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

23. Plaintiff and Defendant entered into a valid and enforceable contract for the sale of the C-Arm Machine.

24. Defendant materially breached the contract by delivering non-conforming goods and failing to cure the breach or refund Plaintiff.

25. As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant as follows:

A. Awarding compensatory damages in an amount to be determined at trial;

B. Awarding pre- and post-judgment interest;

C. Awarding attorneys' fees and costs of suit, where allowable; and

D. Granting such other relief as the Court deems just and proper.

## JURY DEMAND

The Plaintiff requests a trial by jury.

- 5 -

Dated: April 23, 2025    Respectfully submitted,

*/s/ Aaron M. Arce Stark*

Aaron M. Arce Stark (NY Bar No. 5474879)
STARK.LAW LLC
1701 Rhode Island Avenue NW
Washington, D.C. 20009
(202) 643-1773

Bernard A. Henry*
Rieck and Crotty, P.C.
161 N Clark Street, Suite 2500
Chicago, Illinois 60601
(312) 726-4646

*Attorneys for the Plaintiff*

* motion for *pro hac vice* admission forthcoming