UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
FULLERTON KIMBALL MEDICAL &
SURGICAL CENTER,

                        Plaintiff,

          -against-

INFINITY MEDICAL EQUIPMENT
SERVICES,

                      Defendant.
-----------------------------------------------------------X

**REPORT AND
RECOMMENDATION**
25-CV-2260 (DG) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

      On April 23, 2025, Plaintiff Fullerton Kimball Medical & Surgical Center ("Plaintiff") filed a complaint against Defendant Infinity Medical Equipment Services ("Defendant"), seeking damages for an alleged breach of contract for the sale and delivery of medical equipment.[1] (Compl., ECF No. 1.) On April 24, 2025, the Clerk of Court issued summons for Defendant. To date, despite multiple warnings, Plaintiff has not filed proof of service. Accordingly, the Court recommends dismissal without prejudice under Federal Rule of Civil Procedure 4(m).

      Federal Rule of Civil Procedure 4 provides, in pertinent part, that:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

---

[1] Shortly after the Complaint was filed, the case was designated to participate in the Court's compulsory arbitration program. (Apr. 29, 2025 ECF Case Referral.)

Under Rule 4(m), Plaintiff was required to serve Defendant with the complaint and summons by July 22, 2025. However, since filing this lawsuit on April 23, 2025, Plaintiff has failed to file proof of service. (*See* July 28, 2025 ECF Order; Aug. 13, 2025 ECF Order; Sept. 3, 2025 ECF Order.) The Court has specifically directed Plaintiff to file proof of service three times after the 90-day service deadline passed. First, on July 28, 2025, the Court reminded Plaintiff of the 90-day deadline and ordered proof of service to be filed by August 11, 2025. (July 28, 2025 ECF Order.) The Court advised Plaintiff's counsel that "[f]ailure to do so may result in dismissal." (*Id.* (citing Fed. R. Civ. P. 4(m)).) Then, when Plaintiff failed to meet the August 11, 2025 filing deadline, on August 13, 2025, the Court again extended the service deadline and advised counsel that: "**If plaintiff fails to apply for an extension of time to serve by 8/26/2025, this Court will recommend the case be dismissed under Rule 4(m).**" (Aug. 13, 2025 ECF Order (emphasis in original).) Plaintiff again failed to file proof of service by the deadline.

On September 3, 2025, the Court issued a final order to show cause, warning that if Plaintiff failed to submit "proof of service, or a status report explaining why proof of service has not been filed," by September 17, 2025, the Court would "**recommend that the case be dismissed without prejudice under Fed. R. Civ. P. 4(m).**" (Sept. 3, 2025 ECF Final Order to Show Cause (emphasis in original).) To date, Plaintiff has filed neither proof of service nor a status report explaining why proof of service has not been filed, nor has Plaintiff otherwise moved the case forward.

For the foregoing reasons, it is respectfully recommended that this case be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

2

\* \* \* \* \*

This report and recommendation will be filed electronically. Objections to this report and recommendation must be filed, with a courtesy copy sent to the Honorable Diane Gujarati at 225 Cadman Plaza East, Brooklyn, New York 11201, within fourteen (14) days of filing. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal both before the district court and appellate courts. *See, e.g.*, *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate judge's decision" (quotation marks omitted)).

**SO ORDERED.**

Dated: Brooklyn, New York
October 10, 2025

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE